# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01614-NYW-MDB

JOHN PIERRE FRENCH,

    Plaintiff,

v.

 DENVER PUBLIC SCHOOLS,

    Defendant.

---

## MINUTE ORDER

**Entered by Judge Nina Y. Wang**

    This matter is before the Court on Plaintiff's Motion to Seal Case ("Motion to Seal") [Doc. 57, filed September 25, 2025] and the Notice of Hearing Being Scheduled ("Notice") [Doc. 58, filed October 31, 2025]. For the reasons set forth below, the Motion is respectfully **DENIED**, the Notice is **CONSTRUED** as a motion, and the Notice is respectfully **DENIED as moot**.

    John Pierre French ("Plaintiff" or "Mr. French") filed the Motion to Seal and the Notice pro se. *See* [Doc. 57 at 2; Doc. 58]. However, the Court notes that Mr. French remains represented by counsel, as a review of the docket does not indicate that Mr. French's counsel has withdrawn. The Court generally will not consider papers filed pro se by a represented party. *Lee v. Imperial Lending, LLC*, No. 06-cv-02388-ZLW-BNB, 2007 WL 3090800, at *1 (D. Colo. Oct. 18, 2007) ("Parties represented by counsel may not file papers pro se."); *Durham v. Lappin*, 2006 WL 2724091, at *14 (D. Colo. Sept. 21, 2006) ("[T]he Court will not entertain *pro se* motions by a party who is represented by counsel."). Accordingly, Mr. French may only proceed through counsel. This procedural basis alone is sufficient to justify the denial of the Motion to Seal.

    Even considering the substance of the Motion, the Court finds denial appropriate. In the Motion to Seal, Mr. French requests that the Court "seal all filings, orders, and docket entries in this case to prevent further harm to Plaintiff's reputation and career." [Doc. 57 at 2]. Mr. French argues that the "public availability of the filings in this case has caused significant harm to Plaintiff's reputation and career." [*Id.* at 1]. He indicates that this case "involve[s] sensitive matters, including claims of discrimination, harassment, and retaliation" and that he "has been forced to leave the state to secure employment, yet the allegations and proceedings in this case continue to follow him, negatively impacting his ability to maintain employment and rebuild his professional reputation." [*Id.*].

"Although courts have discretion, sealing litigation documents, to say nothing of entire cases, is disfavored in the United States." *Miller v. Fluent Home, LLC*, No. 2:20-cv-00641, 2020 WL 5659051, at *1 (D. Utah Sept. 23, 2020) (footnote omitted) (declining a request to seal an entire case to prevent harm to defendant's reputation). Under Local Rule 7.2, "[u]nless restricted by statute, rule of civil procedure, or court order, the public shall have access to all documents filed with the court and all court proceedings." D.C.COLO.LCivR 7.2(a). As the Judicial Conference of the United States and courts in this District have stated, "sealing an entire case is a last resort" that courts should only turn to when "required by statute or rule or justified by a showing of extraordinary circumstances and the absence of narrower feasible and effective alternatives (such as sealing discrete documents or redacting information)." *Black v. Emerson*, No. 25-cv-01035-WJM-NRN, 2025 WL 1635264, at *3 (D. Colo. June 9, 2025) (quoting Judicial Conference of the United States, *Judicial Conference Policy on Sealed Cases* (Sept. 13, 2011)). "[I]n general, courts have declined to seal, or have unsealed, records when the information is already publicly accessible." *Jacobs v. J. Publ'g Co.*, No. 1:21-cv-00690-MV-SCY, 2022 WL 540955, at *3 (D.N.M. Feb. 23, 2022).

Mr. French filed this action on June 23, 2023, in his own name. [Doc. 1]. Final judgment entered against Plaintiff in this case on December 19, 2024, in his own name. [Doc. 54]. At no time during the two-year course of litigation did Mr. French seek to restrict any filing or information. Because the records have been publicly accessible for over two years, the Court respectfully declines to restrict the entire case. *See Jacobs*, 2022 WL 540955, at *3. Nor does the case law support the proposition that Mr. French would have be permitted to proceed under a pseudonym, even if he had sought to do so—which he did not. *See W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001) ("When a party wishes to file a case anonymously or under a pseudonym, it must first petition the district court for permission to do so."). *Cf. Doe v. Doe*, No. 649 F. Supp. 3d 136, 141 (E.D.N.C. 2023) (observing in a sexual assault case, "[i]t would be fundamentally unfair for [a] plaintiff to be able to 'clear his name' and wield a potential [judgment] against [his accuser] to his advantage but hide under a shield of anonymity if unsuccessful"), *aff'd*, 85 F.4th 206 (4th Cir. 2023).

Finally, Mr. French focuses his arguments on the case's harm to his reputation. Respectfully, such arguments fail to demonstrate "extraordinary circumstances" that require sealing the entire case. *Black*, 2025 WL 1635264, at *3; *Schur v. Berntsen*, No. 2:22-cv-00013, 2024 WL 54430, at *3 (D. Utah Jan. 4, 2024) ("An allegation of continued harassment or reputational damage is insufficient to abrogate the public's right to know what happens in its courts."). Therefore, even considering the substance of the Motion, this Court respectfully **DENIES** the Motion to Seal.

In the Notice, Mr. French appears to request a hearing with the Court on November 18, 2025 to discuss the Motion to Seal. *See* [Doc. 58 at 1]. Because Mr. French requests relief in the Notice, the Court **CONSTRUES** the Notice as a motion for a status conference regarding the Motion to Seal. Based on the Court's conclusions herein, the Court respectfully **DENIES** the Notice **as moot.**

Accordingly, **IT IS ORDERED** that:

(1) Plaintiff's Motion to Seal Case [Doc. 57] is **DENIED**;

(2) The Notice of Hearing Being Scheduled [Doc. 58] is **DENIED as moot**; and

(3) Because Mr. French filed the Motion and Notice pro se, as a one-time courtesy, the Clerk of Court is **DIRECTED** to mail a copy of this Order to:

John Pierre French
P.O. Box 147
Minneola, Kansas 67865

DATED: November 3, 2025

3